| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF LOUISIANA** | Civil Action: _____ |
| **JONATHAN JACKSON** | Judge: _____ |
| **VERSUS** | **JURY TRIAL REQUESTED** |
| **MICHAEL GRAY, THE HERTZ CORPORATION,**<br>**ESIS, INC., WESTCHESTER SPECIALTY INSURANCE SERVICES, INC.**<br>**and XYZ INSURANCE COMPANY** | Magistrate: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

| | **Page** |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 2 |
| JURISDICTION AND VENUE | 4 |
| FACTUAL ALLEGATIONS | 4 |
| STATMENT FOR RELIEF | 8 |
| CAUSE OF ACTION | 8 |
| PRAYER FOR RELIEF | 10 |

## COMPLAINT

Plaintiff **Jonathan Jackson**, for this Complaint against Defendant(s) who allege as follows:

## NATURE OF ACTION

This action arises under general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and common law tort principles adopted by Louisiana courts.

1. Defendants' actionable conduct and omission of corrective action in connection with personal injuries of the Plaintiff.

## PARTIES

2. The plaintiff, **Jonathan Jackson** (hereinafter referred to as "**Jackson**") is a resident of the United States and of La Place, Louisiana and is and was at all times relevant herein a resident of the parish of St. John State of Louisiana. All actions committed against the plaintiff were conducted in New Orleans, Louisiana.

3. The defendant, **THE HERTZ CORPORATION** (hereinafter referred to as "**Hertz**"), is Non-Louisiana Business Corporation, incorporated in the

State of Delaware, doing business in the State of Louisiana.

4. The defendant, **ESIS, INC.** (hereinafter referred to as "**ESIS**"), is a Non-Louisiana Business Corporation, incorporated in the State of California and/or the State of Pennsylvania, doing business in the State of Louisiana.

5. The defendant, **MICHAEL GRAY** (hereinafter referred to as "**Gray**"), is an adult resident domiciled in the State of California.

6. The defendant, **WESTCHESTER SPECIALTY INSURANCE SERVICES, INC.** (hereinafter referred to as "**WESTCHESTER**"), is a Non-Louisiana Business Corporation, incorporated in the State of Nevada and domiciled in the State of Pennsylvania, doing business in the State of Louisiana.

7. The defendant, **XYZ INSURANCE COMPANY** whose name and address is unknown but who is the third party liability insurance company on behalf of the named Defendant, Michael Gray.

## JURISDICTION AND VENUE

8. Jurisdiction of this matter is based upon diversity jurisdiction 28 U.S.C. 1332 because this dispute is between parties of different states and the matter in controversy, exclusive of interest and cost, exceeds the sum of $75,000.

9. Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C.§ 1367(a).

10. Jurisdiction and venue are proper considering that the incident which is the subject of this complaint occurred within this judicial district. Specifically, all acts and omissions, against Plaintiff **Jonathan Jackson** were committed by the Defendants complained of herein, in New Orleans, Louisiana.

11. Said defendants are justly and truly indebted to Petitioner, **Jonathan Jackson.**

## FACTUAL ALLEGATIONS

12. Plaintiff, **Jonathan Jackson**, on April 6, 2021, at approximately 3:40pm, was operating his 1999 Sterling DS semi-truck in an Eastward direction at Camp Street and Washington Avenue in New Orleans, Louisiana.

13. Defendant, **Michael Gray**, was at the time and place described above, operating a 2019 Nissan Sentra driving the same direction on Camp Street in New Orleans, Louisiana.

14. At some point, while **Jackson** was stopped at a stop sign, preparing to make a right turn onto Washington Avenue, **Gray** pulled alongside of **Jackson** in an attempt to make a right turn onto Washington Avenue as well.

15. **Gray** vehicle was alongside of the **Jackson's** vehicle in a blind spot, such that Jackson was unable to see **Gray**.

16. **Jackson** has no reason to assume that **Gray** would be in his blind spot since the street was a one-way street. Proper city regulations called for **Gray** to remain behind **Jackson** until **Jackson** proceeded in the direction **Jackson** was intending to drive.

17. However, **Gray** was impatient and recklessly decided to go alongside **Jackson** instead of waiting his turn. **Gray** admitted to the attending officer that he thought **Jackson** was going to go straight.

18. Consequently, **Gray** attempted to make a right turn, while **Jackson** was attempting to do the same, resulting in a collision between the two vehicles.

19. As a result, **Jackson** has suffered damages as alleged in this complaint.

20. The aforesaid collision occurred through no fault of the Plaintiff; rather, the collision was caused solely by the fault and negligence of the Defendant, **Michael Gray**, in the following nonexclusive particulars:

    a. Failure to see what should have been seen;

    b. Inattention;

    c. Failure to show caution;

    d. Failure to keep a proper lookout for other traffic;

    e. Failure to maintain the proper degree of control of the vehicle;

    f. Failure to observe street signs on highway and other city laws;

    g. Violation of applicable local and state highway laws and regulations regarding the operation of motor vehicles;

    h. Such other acts and omissions, all of which were in contravention of the exercise of due care, prudence, and the laws of Louisiana and Orleans Parish which are specially pleaded as if and as though copied in extensor, and

    i. Any and all other acts of negligence, gross negligence, recklessness and fault as will be shown at the trial of this matter.

21. Defendant**, THE HERTZ CORPORATION**, owner of the automobile, committed the following acts of fault and gross and wanton negligence which were the proximate cause of the collision and the damages:

    a. Permitting the reckless and negligent operation of his vehicle by defendant Gray.

    b. Permitting his vehicle to be operated by an incapable and unskilled operator.

    c. Failing to keep due and proper lookout over the vehicle.

    d. Such further and other acts and omission as will be proved at the trial.

22. Defendants, **ESIS, INC. and WESTCHESTER SPECIALTY INSURANCE SERVICES, INC.**, committed the following acts in bad faith and committed unfair claims practices toward the plaintiff:

a. Wrongful Denial
b. Unreasonable delay of benefits
c. Misrepresenting
d. Failing to Investigate
e. Failing to settle claims promptly, when liability is apparent
f. Failing to promptly, timely, and reasonably adjust the claim;
g. Failing to honor Plaintiff's satisfactory proof of loss;
h. Failing to properly train and/or instruct its adjusters and/or agents;
i. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;
j. Such further and other bad faith acts, unfair practices, and omission as will be proved at the trial

23. Petitioners reserve the right to supplement and/or amend this petition upon discovery of additional claims and/or parties who may have suffered injuries as a result of the Defendants' negligence, including all passengers in the petitioner's vehicle at the time of the accident.

## STATEMENT OF RELIEF

## CAUSE OF ACTIONS

### COUNT I
**Louisiana Civil Code Article 2315 Et Seq.**

The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

Defendant's actions, in violation of Louisiana Civil Code Article 2315, has caused Plaintiff to suffer Bodily Injuries, Pain and Suffering, Property Damages, Loss wages, and Other financial liability obligations entitling him to compensatory damages pursuant to Louisiana Civil Code Art 2315.

## COUNT II
### La. R. S. 22:1220

The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

**ESIS, INC. and WESTCHESTER SPECIALTY INSURANCE SERVICES, INC** breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiff.

## COUNT III
### La. R.S. 22:658

The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

**ESIS, INC. and WESTCHESTER SPECIALTY INSURANCE SERVICES, INC** breached its duty of good faith and fair dealing, as well as its

affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiff.

## COUNT IV
### La. C.C. Art. 1997

The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

**ESIS, INC. and WESTCHESTER SPECIALTY INSURANCE SERVICES, INC** breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with Plaintiff.

## DEMAND FOR DAMAGES

As a result of the aforesaid collision, Plaintiff suffered injuries and losses for which he seeks all reasonable past and future damages from the Defendants, including, but not limited to physical pain and suffering, past and future medical expenses, past and future disability, mental anguish and emotional distress, loss of the enjoyment of life, loss of wages and/or earning capacity, loss of use, property damage and related expenses, punitive damages to the extent allowed by law, and all other damages as may be assessed following a trial of this matter.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

**JACKSON** is entitled to an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein.

## JURY TRIAL REQUESTED

Plaintiff hereby seeks a jury trial as to all issues against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that upon a trial hereof he be granted judgment against all named Defendants as follows:

A. Damages as allowed on each Cause of Action and/or Claim for Relief in an amount equal to her damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction, according to proof at the time of trial;

B. Punitive, Compensatory and exemplary damages;

C. All together with any interest, pre- and post-judgment, costs and disbursements; and Attorney Fees

D. Such other and further relief available under the law and as this Court deems just and proper.

FURTHER, Plaintiff prays that the exact nature and extent of Plaintiff's damages have yet to be calculated, and Plaintiff will seek leave of Court to amend this complaint to conform to proof at the time of trial.

FURTHER, Plaintiff prays that a jury trial is granted in this matter.

*s/ J.P. Gorham*

_____
JP Gorham (Bar # 31746)
 **Attorney for Plaintiff, Jonathan Jackson**
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct