UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN JACKSON | CIVIL ACTION |
| VERSUS | NO. 22-927 |
| MICHAEL GRAY, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant ESIS, Inc.'s ("ESIS") motion for summary judgment.[1] Plaintiff Jonathan Jackson opposes the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises from an automobile collision that occurred on April 6, 2021, at the intersection of Camp Street and Washington Avenue in New Orleans, Louisiana. Jackson alleges that on that day he was traveling east along Camp Street when he came to a stop in order to make a right turn onto Washington Avenue.[3] Defendant Michael Gray allegedly pulled alongside

---

[1] R. Doc. 27.
[2] R. Doc. 31.
[3] R. Doc. 1 ¶ 12.

him in an attempt to also turn right onto Washington Avenue.[4] According to Jackson, he was unable to see Gray's vehicle.[5] Jackson alleges that a collision resulted when both parties simultaneously attempted to execute the right turn. The vehicle Gray was driving at the time of the collision was allegedly rented from Hertz Rental Corporation ("Hertz").[6]

After the incident, Jackson filed this personal-injury lawsuit against defendants Gray, Hertz, ESIS, Westchester Specialty Insurance Services, Inc., and XYZ Insurance Company.[7] Jackson does not allege that ESIS is an insurance company that insured any of the parties to the lawsuit. Nevertheless, Jackson alleges that ESIS breached a duty of good faith and fair dealing, as well as an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle his claims, under Louisiana's Insurance Code, La. Stat. Ann. §§ 22:1892 and 22:1973,[8] and Louisiana Civil Code article 1997.[9]

---

4   *Id.* ¶¶ 13-14.
5   *Id.* ¶ 15.
6   *Id.* at 6.
7   *Id.* ¶¶ 2-7.
8   Jackson's complaint refers to La. Stat. Ann. § 22:658 (now La. Stat. Ann. § 22:1892) and La. Stat. Ann. § 22:1220 (now La. Stat. Ann. § 22:1973). In 2008, the Louisiana Legislature renumbered these statutes without making any substantive changes. La. Acts No. 415, § 1 (effective Jan. 1, 2009).
9   R. Doc. 1 at 6-9.

ESIS moves for summary judgment on the grounds that it is a third-party claims administrator, not an insurance company, and is therefore not liable to Jackson based on the allegations made in his complaint.[10] Jackson opposes the motion, arguing that, although ESIS did not issue insurance policies to Hertz, the two companies contracted to allow ESIS the right to exercise broad authority and discretion to settle claims on behalf of Hertz.[11] Jackson contends that ESIS and Hertz operate as a joint venture to adjust and settle claims collectively, thereby making ESIS liable for his alleged damages.[12]

The Court considers the parties' arguments below.

## II.     LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence

---

[10]   R. Docs. 27, 27-1.
[11]   R. Doc. 31 at 3.
[12]   *Id.*

3

in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (first citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); and then citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075 (noting that the moving party's "burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence" (citations omitted)). "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went

4

uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

5

## III. DISCUSSION

### A. Louisiana Insurance Code Claims

Louisiana Revised Statute sections 22:1892 and 22:1973 govern bad faith insurance claims under Louisiana law. La. Rev. Stat. Ann. §§ 22:1892, 22:1973. "The purpose of these penalty statutes is to 'provide remedies to insureds [or third-party claimants] whose insurance claims are improperly handled or to whom payment is unreasonably delayed.'" *Bourg v. Safeway Ins. Co. of La.*, 300 So. 3d 881, 888-89 (La. App. 1 Cir. 2020) (quoting *Lee v. Sapp*, 234 So. 3d 112, 128 (La. App. 4 Cir. 2017)). Under section 22:1892, a third-party claimant is entitled to penalties if, after satisfactory proof of loss, the insurer fails to pay a claim within thirty days and the failure is deemed "arbitrary, capricious, or without probable cause." La. Stat. Ann. § 22:1892(B)(1)(a) (2023). To establish a cause of action under section 22:1982, a claimant must show that "(1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009). Similarly, section 22:1973 imposes a duty of good faith and fair dealing on an insurer to "adjust claims fairly and promptly and to make a reasonable effort

6

to settle claims with the insured or the claimant, or both." La. Stat. Ann. § 22:1973(A) (2023). The statute subjects the insurer to damages and additional penalties if it fails to pay a claim within sixty days after satisfactory proof of loss, and the failure was arbitrary, capricious, or without probable cause. *Id.* § 22:1973(B)-(C).

Sections 22:1892 and 22:1973 clearly apply to insurers, not to third-party claims administrators, as they are the only party the statutes refer to as owing a duty to the insureds and claimants. *See* La. Stat. Ann. §§ 22:1892, 22:1973; *see also Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F. Supp. 882, 888 (E.D. La. 1996) (holding that the language in the Louisiana Insurance Code "makes clear that [the bad faith insurance statutes] impose[] a duty on insurers," and such a duty does not extend to an adjuster hired by the insurer); *IFG Port Holdings, L.L.C. v. Underwriters at Lloyds,* No. 19-835, 2021 WL 2604784, at *3 (W.D. La. June 24, 2021) (same). The general definition of an "insurer" in the Louisiana Insurance Code does not include a third-party claims administrator or independent claims adjuster. *See* La. Stat. Ann. § 22:46(14); *see also Aras v. Secured Risk Ins. Group Inc.*, No. 22-5617, 2023 WL 3934672, at *2 (W.D. La. June 9, 2023) ("Sections 22:1892 and 22:1973 impose a duty on insurers not independent adjusters.").

Further, ESIS submits uncontested evidence that it is a third-party claims administrator. Specifically, ESIS submits the affidavit of David Leehy, Senior Claims Representative at ESIS,[13] who avers that ESIS is not an insurance company, was not an insurance company on the date of the alleged accident, and did not issue an insurance policy to Hertz.[14] Jackson's only argument against summary judgment is that ESIS is liable under the Louisiana Insurance Code because it formed a joint venture with Hertz to handle his claim.[15] This argument goes nowhere, because even if there were evidence of a joint venture with Hertz, which there is not, Hertz is not alleged to be an insurer either. Accordingly, ESIS is entitled to summary judgment dismissing Jackson's claims under sections 22:1892 and 22:1973.

B.  **Louisiana Civil Code Article 1997**

Jackson's complaint alleges that ESIS breached its duty of good faith and fair dealing under article 1997 of the Louisiana Civil Code. "Insurance contracts in Louisiana . . . are regulated by both the Louisiana Civil Code and Title 22 of the Louisiana Revised Statutes." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 300 (5th Cir. 2009). "The Civil Code provides the general law

---

[13]   R. Doc. 27-3.
[14]   *Id.*
[15]   R. Docs. 31, 31-2 & 35-2.

8

of contracts, and Title 22 fills in the specifics that are applicable to contracts of insurance." *Id.*

The Louisiana Civil Code imposes upon parties to a contract a general duty of good faith in all acts relating to the obligations created by the contract. La. Civ. Code Ann. art. 1759. Under article 1997, an obligee may bring a breach of contract claim against an obligor in bad faith "for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code Ann. art. 1997. A claim under this article is a claim for a bad faith breach of contract. *Khalimsky v. Liberty Mut. Fire Ins. Co.*, No. 07-8959, 2009 WL 1565934, at *4 (E.D. La. June 2, 2009). Thus, for article 1997 to apply, the plaintiff must establish a breach of contract as defined by Louisiana Civil Code article 1994. *See White v. State Farm Mut. Auto. Ins. Co.*, 479 F. App'x 556, 558 (5th Cir. 2012) (noting that article 1994 "imposes monetary liability for breaching a contract," and article 1997 "relate[s] to the measure of damages for the breach").

To state a valid claim for breach of contract under Louisiana law, a plaintiff must allege: (1) an undertaking of an obligation to perform; (2) a failure to perform the obligation, resulting in a breach; and (3) damages resulting from the failure to perform. *Sanga v. Perdomo*, 167 So. 3d 818, 822 (La. App. 5 Cir. 2014); *Meyer & Assocs., Inc. v. Coushatta Tribe of La.*,

185 So. 3d 222, 246 (La. App. 3 Cir. 2016). *See also Hercules Machinery Corp. v. McElwee Bros., Inc.,* No. 01-3651, 2002 WL 31015598, at *9 (E.D. La. Sept. 2, 2002) ("The central elements of a breach of contract action are the existence of a contract, a party's breach thereof, and damages.").

Jackson has submitted no evidence that he had a contract with ESIS or with any insurer ESIS represented. Further, even if he were insured under a contract with a company that hired ESIS, under Louisiana law, a third-party claims administrator such as ESIS is not liable to an insurance claimant on contractual theories for the insurer's failure to pay the claim. "The insurer's non-performance of its contract, even when such non-performance results from the delegated decision-making authority of a third party administrator, remains the insurer's responsibility and obligation." *Baugh v. Par. Gov't Risk Mgmt. Agency,* 715 So. 2d 645, 647 (La. App. 2 Cir. 1998); *see also Pac. Emps. Ins. Co. v. United Gen. Ins. Co.,* 664 F. Supp. 1022, 1024 (W.D. La. 1987) (citations omitted) ("Louisiana courts have consistently held that an adjuster owes no implied duty of good faith to an insured when not a party to the contract of insurance.").

ESIS is thus entitled to summary judgment on Jackson's claim under Louisiana Civil Code article 1997.

### C. Jackson's Request for Further Discovery

Jackson argues that ESIS's motion for summary judgment is premature because the parties have not yet completed adequate discovery.[16] Jackson notes that ESIS filed its motion more than one month before this Court issued a scheduling order,[17] which set the deadline for depositions and discovery for December 26, 2023.[18]  Nevertheless, because the record indicates that further discovery will not likely yield the facts needed by Jackson to withstand ESIS's motion, Jackson is not entitled to more discovery.  *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citations omitted) ("[The Fifth Circuit] has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

While under Rule 56(b) a motion for summary judgment may be filed at any time, the party moving for or opposing summary judgment typically needs "adequate time for discovery." *Celotex,* 477 U.S. at 322.  Rule 56(d) provides:

---

[16]    R. Doc. 31 at 4.
[17]    *Id.*
[18]    R. Doc. 30 at 2.

11

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Critically, Rule 56 "does not require that any discovery take place before summary judgment can be granted" when the discovery process will not produce evidence that creates a genuine issue of material fact. *Dreyer v. Yelverton*, 291 F. App'x 571, 577-78 (5th Cir. 2008) (quoting *Washington*, 901 F.2d at 1285 (internal quotation marks omitted)). To obtain a continuance for discovery, the nonmovant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted)); *see also Washington*, 901 F.2d at 1285 (noting that, to obtain a continuance under Rule 56, "the nonmovant must present specific facts explaining his inability to make a substantive response . . . and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue

of fact" (citations and internal quotation marks omitted)). "The nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Washington*, 901 F.2d at 1285 (citing *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 873 (5th Cir. 1978)).

Here, Jackson has not shown that the discovery it seeks would "influence the outcome of the pending summary judgment motion." *See McKay*, 751 F.3d at 700. He has "neither moved for a continuance nor submitted an affidavit showing how the outstanding discovery could have assisted him in opposing the motion." *See Washington,* 901 F.2d at 1286 (citing *Netto v. Amtrak*, 863 F.2d 1210, 1215 (5th Cir. 1989)). Additionally, Jackson has failed to state which emergent facts he seeks to adduce through the discovery process and how such facts, if adduced, will enable him to rebut ESIS's allegations of no genuine issue of fact. *See McKay*, 751 F.3d at 700. The Court therefore denies Jackson's request for further discovery.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant ESIS's motion for summary judgment, and DISMISSES the claims against ESIS WITH PREJUDICE.

New Orleans, Louisiana, this ___19th___ day of July, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE